## STEINART vs. DEUSTER.

### *Fraudulent chattel mortgage.*

An oral agreement between mortgagor and mortgagee of chattels, that the former shall retain possession of the goods, and sell them in the regular course of his business, and apply the proceeds to his own use in the support of his family and otherwise, renders the mortgage fraudulent in law and void as to creditors of the mortgagor.

APPEAL from the County Court of *Milwaukee* County.

Replevin, for a stock of merchandise. Plaintiff claimed under a mortgage from one Fisher, to secure a promissory note for $1,000, money loaned by plaintiff to Fisher, which mortgage was filed in the clerk's office, August 21, 1867, and contained a clause giving the mortgagee power to take possession, whenever he should deem himself insecure. Defendant claimed as sheriff, by virtue of an attachment against the property of said Fisher.

There was proof at the trial of an oral arrangement between the parties to the mortgage, the nature of which will sufficiently appear from the opinion. Defendant's motion for a nonsuit

was denied. Verdict for plaintiff; new trial denied; and judgment on the verdict; from which defendant appealed.

*Geo. B. Goodwin,* for appellant, to the point that the mortgage was void as to creditors, cited 4 Comst. 581; 12 Wend. 297; 3 id. 348; 8 id. 339; 2 id. 596; 17 id. 53, 492; 9 N. Y. 213; 24 id. 359; 12 Abb. 143; *Place v. Langworthy,* 13 Wis. 629; 21 N. Y. Leg. Obs. 101. To the point that the verdict is not conclusive on a question of fraud, he cited 4 Comst. 589, opinion of DENIO, J.; 12 Abb. 143; 14 Wis. 432.

*R. N. Austin,* for respondent:

1. A chattel mortgage which leaves the mortgagor in possession, and by inference authorizes him to sell in the usual course of business, is not necessarily fraudulent as to creditors. *Gay v. Bidwell,* 7 Mich. 519; *Oliver v. Eaton,* id. 108. If the right to possession appear upon the face of the deed, it will be fraudulent in law; but if shown by evidence on the trial, it will be a question of fact to go to the jury. *State v. Tasker,* 31 Mo. 445; *State v. D'Oench,* id. 433; *Voorhees v. Langsdorf,* id. 451; *Coleman v. Packard,* 16 Mass. 39; *Edgell v. Hart,* 13 Barb. 380. If an agreement were made between the parties, outside of the deed itself, that the mortgagor should remain in possession, and sell the goods, etc., it would only make it presumptively fraudulent, and the burden of proof would be upon the plaintiff to show " good faith and a valuable consideration," under ch. 458, Laws of 1864; and the question of fraud would be a question of fact for the jury. *Bagg v. Jerome,* 7 Mich. 145; *Gardner v. McEwen,* 19 N. Y. 123; *Groat v. Rees,* 20 Barb. 26; 1 Smith's L. C. p. 50, *et seq.; Fairbanks v. Bloomfield,* 5 Duer, 434; *Willston v. Jones,* 6 id. 504; *Ford v. Williams,* 13 N. Y. 577. 2. The statute of New York as to the presumption of fraud is the same as ours, and as to the province of the jury in determining questions of fraud; and under it the verdict is conclusive of the fairness of the transaction. *Smith v. Acker,* 23 Wend. 653; 13 Barb. 329; 12 id. 530; 14 id.,

McLaren and another vs. The Detroit and Milwaukee R. R. Co.

471; 1 Coms. 497; 2 Duer, 99; 19 N. Y. 123; *Donaldson v. Johnson*, 2 Chand. 164; *Cotton v. Marsh*, 3 Wis. 221.

DIXON, C. J.   The verbal agreement between the mortgagor and mortgagee, that the mortgagor was to retain possession of the goods and sell them in the regular course of his business as if no mortgage had been executed, and apply the proceeds to his own use in the support of his family and otherwise, makes the mortgage fraudulent in law, and void as to creditors of the mortgagor, the same as if the agreement had been in writing and inserted in the mortgage itself.   The case in this particular is not distinguishable from *Place v. Langworthy*, 13 Wis. 629.   The agreement was sworn to by the mortgagor, and not denied by the mortgagee, both being examined as witnesses on the trial; and the mortgagee himself testifies that with full knowledge on his part, and without objection, the business was carried on, the goods sold and the proceeds appropriated by the mortgagor, in the same manner after the execution of the mortgage as before.   Under these circumstances, the court was in error in submitting it to the jury as a question of good faith on the part of the mortgagee at the time of loaning his money and receiving the mortgage.   The jury should have been instructed that if they found such to have been the facts, the mortgage was fraudulent and void in law as against the creditors of the mortgagor.

*By the Court.* — Judgment reversed, and a new trial awarded.