## GUY WILSON v. G. J. WALLACE.

GENERAL TERM, 1893.

*Power to sell vitiates chattel mortgage, though given after mortgage. Subrogation.*

1. A provision in a chattel mortgage giving the mortgagor the absolute right to dispose of the entire property in one transaction for his own benefit vitiates the mortgage.

2. It is the same whether the permission is contained in the mortgage itself or is by independent agreement, and whether it is given at the time the mortgage is executed or subsequently.

3. In such case the fact that the mortgagee has paid off a prior mortgage on the property does not help his title as against an attachment made prior to such payment.

Assumpsit. Plea, the general issue. Heard upon the report of a referee at the December term, 1892, Windsor county, TYLER, J., presiding. Judgment for the defendant. The plaintiff excepts.

*J. J. Wilson* for the plaintiff.

A stipulation in a chattel mortgage that the mortgagor may sell avoids the mortgage. *Putnam* v. *Osgood*, 51 N. H. 192; *Coolidge* v. *Melvin*, 42 N. H. 510; *Collins* v. *Myers et al.*, 16 Ohio 547; *Standard Implement Co.* v. *Schultz et al.*, 45 Kan. 52.

*Hunton & Stickney* for the defendant.

The mortgage was not void.    *Peabody* v. *Landon*, 61 Vt. 318.

MUNSON, J.    The suit is brought to recover the price of a colt which plaintiff sold defendant at a sheriff's sale. The defendant contests the suit on the ground that the colt has been taken from him by virtue of a valid chattel mortgage.    The plaintiff did not recognize the mortgage, but sold the property as not incumbered.    The mortgagee had an understanding with the mortgagor, before the property was attached, that the mortgagor might sell the mortgaged property as he wished to, and use the avails if he wished to.

The question raised by this understanding is different from that determined in *Peabody* v. *Landon*, 61 Vt. 318. It was there held that a permission to sell in the ordinary way a stock of merchandise which the mortgage required the mortgagor to keep good by purchases made from the receipts of his sales, did not invalidate the mortgage as to creditors.    The full discussion of the general subject contained in the opinion in that case renders any special reference to the authorities at this time unnecessary.    The opinion recognizes the force of the contention that a mortgage is vitiated by a provision which permits the mortgagor to sell the entire property in a single transaction for his own benefit, but considers that a different question is presented by a permission to make sales in the usual course of business from a stock of goods which the mortgagor is required by the terms of the mortgage to keep up, for the reason that in such a case the power of sale is limited by the stipulation to maintain the stock.    It will be noticed that the further discussion is with reference to sales which are supposed to be for the benefit of the mortgagee, however unreservedly the business may be left in the hands of the mortgagor.    We fail to find any intimation in the opinion that a mortgage can be held valid which authorizes the mortgagor to sell the entire property at pleasure for his own benefit.

We think it must be regarded as beyond question that a provision in a chattel mortgage which places the mortgaged property at the absolute disposal of the mortgagor will invalidate the mortgage as to creditors. And it has been repeatedly held that a stipulation which will invalidate a mortgage if incorporated in it will have the same effect upon its validity if otherwise agreed to at the time the mortgage is given. It being the sole purpose of a mortgage to furnish security, a conveyance in mortgage cannot take effect as against creditors when there is a contemporaneous agreement that the mortgagor may still treat the property as if no mortgage had been given.

We think it would be equally inconsistent with the nature of a mortgage to hold that it can continue to exist as against creditors in connection with such an agreement subsequently made. It would seem that an agreement which, if made in connection with the giving of the mortgage, would prevent its taking effect, ought, if afterwards made, to put an end to it. Upon the subsequent making of such an agreement the mortgage becomes what it would have been at its inception had the agreement been contemporaneous. We see no reason why creditors should not be permitted to treat such an agreement subsequently made as an abandonment of the security—a practical discharge.

We find this position is not without the support of authority. In *Barnet* v. *Fergus*, 51 Ill. 352; 99 Am. Dec. 547, the question was in regard to the validity of a chattel mortgage which was valid on its face and at its inception. It was held that the holder of such a mortgage might lose his right to enforce it by subsequent acts, and that he would lose it if he permitted the mortgagor to hold the property for sale. It was considered that this was a necessary consequence of the doctrine held by that court, that a mortgage which authorizes the mortgagor to sell the property in the usual course of trade is void as to creditors.

The defendant also relies upon the existence of a mortgage of earlier date than the one above considered, which covered a part of the property subsequently mortgaged, including the colt in controversy. After the sheriff's sale, the second mortgagee, whose understanding with the mortgagor in regard to his own mortgage has already been stated, paid the holder of this prior mortgage the amount then secured by it. We think this payment of the first mortgage gave the second mortgagee no better right than he had by virtue of his own mortgage, and consequently can be of no avail to the defendant. As we have seen, the second mortgagee's arrangement with the mortgagor was in effect a discharge of his mortgage as regards creditors. This terminated his interest in the colt as against the levying creditor; and, having no longer that interest to protect by a payment of the first mortgage, his payment of the mortgage was as to the creditor that of a volunteer, and gave him no right to have it kept on foot to defeat the levy. It is clear that the defendant cannot avoid payment on account of the first mortgage by asserting a right of subrogation in the second mortgagee.

*Judgment reversed and judgment for plaintiff.*