Franzke and another vs. Hitchon.

FRANZKE and another, Appellants, vs. HITCHON, Respondent.

*November 9 — November 24, 1899.*

*Chattel mortgages: Fraud: Consumption of goods by mortgagor.*

An understanding or agreement, contemporaneous with the execution of a chattel mortgage on a stock of merchandise, that the mortgagors might use the merchandise to supply their family needs and their needs in carrying on certain logging operations, renders the mortgage void as to other creditors; and the fact that the mortgagors were to keep an account of the goods thus consumed, and pay the mortgagee therefor when able, is immaterial.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

On October 1, 1896, the firm of Gissenaas & Graetz gave to the plaintiffs jointly their partnership note for $2,000, and secured it by a chattel mortgage on their stock in trade. On November 30th a new note and mortgage for the same amount were given, covering the stock together with the store fixtures and furniture, there being testimony that this latter mortgage was given partly to avoid the statutory requirement for the filing of statements every sixty days, and also as a substitute for the former to cover the furniture and fixtures which had been omitted therefrom. On January 2d the defendant, as sheriff, levied upon the mortgaged property upon executions against said firm, and the plaintiffs brought this action to recover for conversion.

It was testified by the plaintiffs that at the time of giving both of said mortgages it was understood that the mortgagors should go on selling the property in the ordinary course of business, using the proceeds to keep the stock up and to pay off creditors and applying the balance to the mortgage; and that it was also understood and agreed that they should have the right to take for their own use, from said stock of merchandise, such as they needed in their families, and such as they needed for certain logging operations which they were carrying on in a small way. The plaintiffs subsequently modified their testimony as to this agreement by explaining that by the word "creditors" they did not intend those who were creditors at the time of the giving of the mortgage, but such as should become creditors by the sale of new stock to supply that which was sold from time to time; and that it was also understood that the mortgagors were to keep an account of all goods which were taken by them for family use, or for their lumber camp, and should pay therefor when they could, it being expected that the following spring, when their logs were disposed of, they

would be so able. This understanding was acted upon from the time of the making of the first mortgage continuously up to the seizure by the sheriff, the mortgagors using such goods as they needed for their families or for their logging camp, and buying goods from time to time. None of the proceeds of the goods sold had been applied upon the debt secured by the chattel mortgage. The amount of the sales up to that time had been some $400 or $500. There was considerable evidence tending to show that the word "creditors" was used in the former testimony understandingly, and in its ordinary significance, as applying to those who were creditors at the time the mortgages were made; and there was other evidence tending to justify an inference of an express purpose to hinder and delay creditors.

At the close of the trial the court directed a verdict for the defendant.

For the appellants there was a brief by *Cady & Cady*, and oral argument by *E. F. Cady*.

For the respondent there was a brief by *C. E. Nichols*, attorney, and *Nichols & Davis*, of counsel, and oral argument by *Charles E. Nichols*.

Dodge, J. The contemporaneous parol understanding or agreement that the mortgagors might remain in possession and continue sale of the mortgaged stock of merchandise, and apply to their own benefit an indefinite portion thereof, renders the mortgage fraudulent as to other creditors, and void in law. *Blakeslee v. Rossman*, 43 Wis. 116; *Charles Baumbach Co. v. Hobkirk*, 104 Wis. 488. The fact that the authority given was to consume the merchandise itself, instead of to sell it and apply proceeds to living expenses and to supplying mortgagors' logging camps, is a distinction without a difference. The mortgagees' duty of good faith to other creditors to use their security only for the reduction of their debt is equally breached in either case. Equally

the mortgage serves to stand off the creditors while the debtor consumes his property. The pretense of an understanding that the mortgagors were to keep an account of the consumption of mortgaged property, and owe the mortgagees therefor, with hope of paying them out of a sale of logs, did not change the situation. They already owed the whole debt, and did not change that fact by keeping a further book account of part of it that they had not paid. Their general creditors were not helped by multiplication of evidences of the mortgage debt while the security was being consumed without being applied to that debt. Without discussing other questions, upon which it is claimed there was some conflict, it appeared without dispute that the plaintiffs' mortgage was fraudulent and void as to creditors for the reason above stated, and direction of a verdict for defendant was proper.

*By the Court.*— Judgment affirmed.