Durr vs. Wildish and others.

DURR, Appellant, vs. WILDISH, Assignee, and others, Respondents.

*November 20 — December 7, 1900.*

*Chattel mortgages: Invalidity as to creditors: Sales by mortgagor: Diversion of proceeds with consent of mortgagee:. Pleading: Evidence.*

1. A mortgage of a stock of merchandise permitted the mortgagor to sell and to make additions to the stock, but was silent as to the disposition to be made of the proceeds of sales over and above the additions. In a foreclosure action it appeared that sales were largely in excess of the additions; that only a small part of such excess was applied on the mortgage debt; and that the mortgagee knew the fact and made no objection. *Held,* that in the absence of any explanation the court might properly assume that the remainder of said excess was used by the mortgagor pursuant to some understanding, express or implied, with the mortgagee; and that by reason thereof the mortgage, even if valid on its face, was void as to creditors.

2. Where such an understanding between mortgagor and mortgagee exists, the fact that the mortgagee afterwards takes possession of the property does not validate the mortgage as against creditors.

3. Where the facts invalidating a chattel mortgage appear from the complaint in a foreclosure action and from evidence admitted without objection, they sustain a finding of such invalidity, even though no such issue was tendered by the answer.

4. In an action to foreclose a chattel mortgage the fact that the mortgagor had other creditors is properly shown by the record of a

voluntary assignment by the mortgagor, showing the filing of claims against him which were not objected to,— the plaintiff having become a party to the assignment proceedings by filing his claim secured by the mortgage, and having contested the right of the assignee to possession of the mortgaged property.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

On April 30, 1896, Adolph Landau gave the plaintiff a chattel mortgage to secure the payment of four notes of $625 each, due November 1, 1896, May 1, 1897, November 1, 1897, and May 1, 1898. This mortgage covered a stock of crockery and other merchandise and trade fixtures. It was duly filed May 4, 1896. It contained the following clause: "The mortgagors shall have the right to sell the goods covered by this mortgage, and add to the stock by purchasing other goods." The mortgagor remained in possession, and sold goods, and made additions to the stock as follows: Sales, $6,690.53; additions, $4,423.36. During this time he paid the first note and interest on the other notes to January 30, 1897, in all about $765, leaving a trifle over $1,500 unaccounted for, and which he used for other purposes. He attempted to file statements as required by ch. 241, Laws of 1887, but it is admitted that such statements were not in compliance therewith.

The mortgage was in fact owned by the German-American Bank, the plaintiff being its trustee. The mortgagor remained in possession, and continued to make sales, until December 9, 1897, at which time plaintiff claims the representatives of the bank took possession. This is denied by defendants. The evidence shows that possession was contested, both parties claiming possession, until December 13th, when Landau made a voluntary assignment for the benefit of his creditors to the defendant *Wildish.* The latter attempted to take absolute possession, but was ejected by the plaintiff's representatives. The matter got into court, and possession of the property was eventually given the as-

signee.  See *Durr v. Wildish*, 100 Wis. 411.  By stipulation of the parties the property was sold by the assignee, and the proceeds were to stand in lieu of the property, and are now held by the assignee.  The plaintiff brings this action to foreclose said mortgage and to secure such proceeds.

The court made findings at great length on the question of possession, and concluded that the mortgage was valid as to the fixtures, and void as to the other property, by reason of the failure of Landau to comply with the provisions of the statute.  Judgment was entered for plaintiff for the value of the fixtures, and for the defendants as to the remainder of the proceeds.  The plaintiff brings this appeal from that part of the judgment which adjudges that the assignee is entitled to hold a part of said proceeds.

For the appellant there were briefs by *Hoyt & Olwell*, and oral argument by *L. A. Olwell*.  To the point that, the plaintiff having taken possession of the stock of goods under the authority given him in the mortgage before his right to do so was revoked by the mortgagor, his title was perfectly good, they cited *Chynoweth v. Tenney*, 10 Wis. 397; *Farmers' L. & T. Co. v. Commercial Bank*, 11 Wis. 207; *Single v. Phelps*, 20 Wis. 398; *Roundy v. Converse*, 71 Wis. 524; Jones, Chattel Mortgages, § 178, and cases cited in note 7; *National Bank v. Bryden*, 80 N. W. Rep. 276.

For the respondents there was a brief by *W. J. & J. H. Turner*, and oral argument by *W. J. Turner*.

BARDEEN, J.  The mortgage in suit contained the following provision: "The mortgagors shall have the right to sell goods covered by this mortgage, and add to the stock by purchasing other goods.  It is especially agreed that this mortgage shall and does cover such after-acquired property."  Further than as above stated, no provision was made regarding the disposition of the proceeds of such sales.  The complaint and the evidence show that while the mortgagor was in possession he sold goods to the amount of $6,690.53,

and expended $4,423.36 in additions to the stock; that during this period he had paid about $765 on the mortgage debt, leaving over $1,500 wholly unaccounted for, even if he paid for all additions to the stock,— a fact not shown.

A mortgage which permits the mortgagor to remain in possession of the mortgaged property, and to sell it and apply the proceeds, partially or wholly, to his private use, is void as to creditors. *Place v. Langworthy,* 13 Wis. 629; *Blakeslee v. Rossman,* 43 Wis. 116. The same is true if the mortgage is given with the understanding, express or implied, that the mortgagor shall go on selling the property in the usual course of trade, applying the proceeds to his own use. *Anderson v. Patterson,* 64 Wis. 557; *Bank of Kaukauna v. Joannes,* 98 Wis. 321; *Charles Baumbach Co. v. Hobkirk,* 104 Wis. 488. Where any such understanding exists, the fact that the mortgagee has taken possession of the property does not validate it in a contest with creditors. *Blakeslee v. Rossman, supra.* It is probable that since the passage of ch. 241, Laws of 1887, and in view of the decision in *Roundy v. Converse,* 71 Wis. 524, a mortgage which permits the mortgagor to sell the property and make additions to the stock, and does not make express provision as to the application of proceeds, might be held valid where statements were filed as required by the statute. But in this case it is admitted that no such statements were filed as were required by the statute.

The record shows that the mortgagor was left in possession, and was permitted to make sales; that over $1,500 of such proceeds were applied to his personal use. There is no allegation that it was so applied contrary to any agreement or understanding of the parties. The inference is that it was so used by the mortgagor in accordance with some agreement. If such agreement existed, the mortgage was absolutely void as to creditors; and the fact — if it is a fact — that the mortgagee afterwards took possession did not change the situation. *Charles Baumbach Co. v. Hobkirk,* 104

Wis. 488. When, in such a case, the mortgage is silent as
to the disposition of the proceeds of sale made by the mort-
gagor over and above the additions to the stock, the law
would presume that such proceeds were to be applied in
satisfaction of the mortgage debt. But when the complaint
and the evidence show sales largely in excess of the addi-
tions, and an application of only a small portion of such
excess upon the mortgage debt, to the knowledge of the
mortgagee, the court will be justified in assuming that the
remainder was used by the mortgagor pursuant to some
understanding, express or implied, with the mortgagee. No
objection seems to have been made by the mortgagee to the
policy pursued by the mortgagor. The bank was the actual
owner of the mortgage. Its officials knew the facts, as a
portion of the money was checked out through the bank.
Mr. Pullen, the cashier, was frequently in the store. He is
presumed to be familiar with the transactions of the bank.
There is no pretense that the parties were not familiar with
the transactions alleged in the complaint. No explanation
is offered or reason given why the balance of sales over ad-
ditions was not applied to reduce the mortgage debt. Ad-
mitting that the mortgage was valid on its face, if the agree-
ment mentioned existed the inevitable tendency and effect
of the mortgage was to hinder and delay the collection of
debts against the mortgagor. *Anderson v. Patterson*, 64
Wis. 557; *Bank of Kaukauna v. Joannes*, 98 Wis. 321.

But it is said no such issue is tendered by the answer.
That is true, but very many of the facts mentioned appear
on the face of the complaint. Considerable of the testi-
mony came in without objection. During the trial testi-
mony was offered by defendants as to the removal of some
of the stock at one time to another store. This was objected
to by plaintiff as not being within the issues raised by the
pleadings. The court admitted it " for the purpose of show-
ing that upon the grounds alleged in the answer the mort-
gage was void, and for the further purpose of determining

who had the possession of the goods from and after the 9th of December, 1897, and for no other purpose." The record further shows that, as some of the testimony bearing upon the disposition of the proceeds of sales by the mortgagor was being offered, plaintiff's counsel remarked to the court, "All under the same limitation," to which the court made no response. It is needless to say that such an objection is insufficient. Substantially all of the evidence bearing upon the fact last suggested came in without any proper objection thereto. The evidence is in the case, which, with the facts set out in the complaint, is sufficient to sustain the conclusion reached by the trial judge that the mortgage was void as to creditors, although he put it upon other grounds.

It is further argued that there was no proper evidence that the mortgagor had other creditors. The evidence on that point was the record of the proceedings in the voluntary assignment made by the mortgagor December 13, 1897. This record showed claims filed to the amount of $4,978.28, and that $2,244.28 of claims were not objected to. This included plaintiff's claim now in suit. The plaintiff had become a party to the assignment proceedings, and had had a contest with the assignee as to the possession of the property, which came to this court. *Durr v. Wildish*, 100 Wis. 411. We see no good reason why such record was not properly admissible to establish the amount of the mortgagor's indebtedness.

The view we have taken of the case renders it unnecessary to discuss the question whether plaintiff's alleged possession of the mortgaged property was forcible or not. We are convinced that the record shows that the mortgagor was selling goods and applying a portion of the proceeds to his own use pursuant to some agreement with the mortgagee which rendered the mortgage void as to creditors.

*By the Court.*— The portion of the judgment appealed from is affirmed.