## In re THORSON BROS.

(District Court, E. D. Wisconsin. September 29, 1913.)

1. BANKRUPTCY (§ 184*)—VOID TRANSFERS—STATE LAWS—RULES OF PROPERTY.
   The rule in Wisconsin, that chattel mortgages upon changeable stocks of merchandise of which the mortgagor is in possession with liberty to sell in the ordinary course of business and apply the proceeds to his own use are fraudulent and void, must be given effect in the bankruptcy court as a rule of property.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CHATTEL MORTGAGES (§ 190*)—RETENTION OF POSSESSION BY MORTGAGOR—SALES.

Under St. Wis. 1898, § 2316b, providing that the mortgagor of any stock of goods or stock in trade of which he is in possession, and from which he is permitted to make sales and apply the proceeds upon the indebtedness, shall file a statement in writing of the aggregate amount of the sales, the amount applied on the mortgage debt, and the total valuation of the stock added every 60 days, that such mortgage shall cover and become a valid lien upon the property added to the stock, that if any mortgagor shall fail to file such statement the mortgage, as between the parties, 'shall be immediately due and payable, and shall cease to be a lien at the expiration of 15 days from the time fixed for such filing except as between the parties to afford the parties protection the mortgagor must not only be permitted to make sales and apply the proceeds on the indebtedness, but the actual application thereof must be maintained throughout, and where the mortgagor is permitted to remain in possession, sell the stock and apply the proceeds to his own use, the filing of the statements do not protect the parties, and the mortgage is fraudulent and void as to other creditors.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 407–416; Dec. Dig. § 190.*]

In Bankruptcy. Proceeding against Thorson Bros. On a petition by E. C. Leean, attacking certain chattel mortgages as fraudulent and void, the referee held such mortgages void, and the Bank of Scandinavia petitions for a review. Affirmed.

The bankrupts, merchants, on different dates, executed to the respondent bank three several mortgages covering their stock of general merchandise contained in a store conducted by them to secure indebtedness aggregating $4,875. Thereupon they continued the conduct of their business, selling from such stock and buying new goods, in the usual course. None of the proceeds, except a small portion used to pay interest, was applied on the mortgage debt. Every 60 days, the mortgagors signed and delivered to the cashier of respondent statements showing gross purchases added to and sales from, the mortgaged stock; and in each instance certified to the continued existence of the full amount of the debts secured by the several mortgages—in other words, negatived the application of proceeds of sale toward the payment of the debts. These statements were not "verified." They were filed by the cashier with the village clerk in whose office the mortgages were on file.

Bankruptcy having ensued, the trustee attacks the mortgages as fraudulent and void. By stipulation between the parties the stock of goods was sold, and their respective claims are now asserted against the proceeds.

The referee held the mortgages void, except as to furniture and fixtures and adjudged the trustee entitled to the fund. The respondent bank's claims are allowed as nonpreferred. It petitions for a review of the proceedings.

Browne, Browne & Smith, of Waupaca, Wis., for mortgagees.

H. J. Severson, of Iola, Wis., for trustee.

GEIGER, District Judge (after stating the facts as above). [1] The facts are conceded. Prior to 1887, under the law of Wisconsin—to which effect must be given as a rule of property—chattel mortgages upon changeable stocks of merchandise, the mortgagor being in possession, at liberty to sell in the ordinary course of business, and to apply the proceeds to his own use, were fraudulent and void. Place v. Langworthy, 13 Wis. 629, 80 Am. Dec. 758; Steinart v. Deuster,

23 Wis. 136; Blakeslee v. Rossman, 43 Wis. 116; Single v. Phelps, 20 Wis. 398; Anderson v. Patterson, 64 Wis. 557, 25 N. W. 541.

[2] The last-cited case was decided in 1885. Chapter 241 of the Laws of 1887 (now section 2316b, Statutes 1898 of Wisconsin) provides:

"The mortgagor of any stock of goods or stock in trade of which he is in possession and from which he is permitted to make sales and apply the proceeds thereof upon the indebtedness existing between him and the mortgagee shall file a statement in writing of the aggregate amount of the sales made therefrom, the amount applied on the mortgage debt and the total valuation of the stock added every sixty days from the date of such mortgage with the town, city or village clerk in whose office said mortgage is filed. Such mortgage shall cover and be a valid lien upon the property added to such stock after its execution for the amount of the indebtedness remaining unpaid thereon. Such statement shall be verified by the mortgagor, his agent or attorney as being a true and correct statement of all sales made from the stock of mortgaged goods, the value of the additions made to the original stock since the date of the mortgage or the date of the last verified statement so filed and the amount paid on the mortgage debt since the execution of the mortgage or the filing of such statement. If any mortgagor shall fail to file the statement herein required within the time prescribed the mortgage, as between the parties thereto, shall be immediately due and payable, and at the expiration of fifteen days from the time fixed for the filing of such statement shall cease to be a lien upon such stock of goods or stock in trade except as between the mortgagor and mortgagee."

This section doubtless was aimed to provide some régulative or remedial measures in respect of mortgages on merchandise stocks. It seems to be limited to recognizing the validity of such instruments if these conditions concur and are complied with: (1) That the mortgagee may remain in possession and sell the stock. (2) That the proceeds of sale be applied toward the extinction of the mortgage debt. (3) That the mortgage lien attach to after-acquired goods. (4) That the sales, accretions, or substitution of stocks, and the application of proceeds of sale be evidenced by filing verified statements as prescribed.

It may be noted that, prior to the enactment of this statute, the adjudications were unequivocally to the effect that mortgages, whereunder the mortgagor was at liberty to make sales and apply the proceeds to his own use, were "fraudulent and void in law as against creditors; absolutely void as to them, beyond all aid from extrinsic facts." Blakeslee v. Rossman, supra. And in Anderson v. Patterson, it was said:

"That the inevitable tendency and effect of a mortgage, fair and valid on its face, but void because of some extrinsic or, secret infirmity, must be to hinder and delay the creditors of the mortgagor in the collection of their debts, is perfectly obvious, and the parties thereto cannot be heard to say that they did not intend that such effect should result from their actions. * * * When property is mortgaged to one creditor to secure his demand, good faith to other creditors of the mortgagor requires that, if the same be sold, the proceeds shall be applied to the payment of the mortgage debt."

It is urged on behalf of the respondent bank that the statute, quoted, was passed to relieve the mortgagor from this rule of constructive and conclusive fraud; that an attack upon mortgages of merchandise

stock, like those before us, must be now supported by proof of actual fraud; that the trustee's case fails, because the proof here undisputedly shows the debt to be honest; that the proceeds of sale were "economically used in payment of their living expenses and in payment for merchandise and replenishing their stock—in short, because the referee expressly found:

"That the mortgages were given and received by the parties in good faith, with no actual intent to hinder, delay, or defraud creditors."

That the original position of the Supreme Court of Wisconsin has not been shaken by the enactment of this section is shown by the later cases of Baumbach v. Hobkirk, 104 Wis. 488, 80 N. W. 740; Bank of Kaukauna v. Joannes, 98 Wis. 321, 73 N. W. 997; Franzke v. Hitchon, 105 Wis. 11, 80 N. W. 931. True, as pointed out by counsel, in none of these cases was the scope or application of the statute expressly considered or determined; in fact, it was not referred to. But, the statute having been enacted many years ago, it is fair to presume that it was considered to be limited to the cases therein specified, viz., to those cases where a mortgagor of a stock of merchandise is in possession and "is permitted to make sales and apply the proceeds thereof upon the mortgage indebtedness"; and that it has no application whatever to a situation where, as here, the mortgagor is permitted to make sales and not apply the proceeds to such debt. It is necessary in order that parties, mortgagor and mortgagee, be afforded protection under this statute, not only that the mortgagor be permitted to make the sales and apply the proceeds as indicated, but that the actual application be maintained throughout, evidenced by filing statements which shall show such application whenever sales have been made. In other words, the parties to the mortgage must, at their peril, at all times maintain and be able to show, as prescribed, that the relation is one within the scope of the statute and not within the other rule which is equally in force. Therefore, when the respondent mortgagee permitted the mortgagor to remain in possession, sell the stock, and use the proceeds as it is conceded they were used, the relation was other than the one which is permitted and regulated by the section in question; and the statements filed, instead of protecting the parties, are quite conclusive evidence against them, no matter what the original intention may have been.

The final clause:

"If any mortgagor shall fail to file the statement herein required within the time prescribed, the mortgage, as between the parties thereto, shall immediately be due and payable and at the expiration of fifteen days from the time fixed for the filing of such statement shall cease to be a lien upon such stock of goods, or stock in trade except as between the mortgagor and mortgagee"

—supports this position. Under this, even though the proceeds are applied, the failure to file the statement renders the mortgage void. It would be incongruous to permit the parties to have the protection of the statute by filing statements, which disclose that the mortgagor

was selling the property and not applying the proceeds. The only purpose of the statute seems to be to regulate and protect the particular mortgages embraced within its terms.

The referee's decision in the matter is therefore affirmed.