THOMAS PRODUCE COMPANY, Appellant, vs. LETMAN, Garnishee, Respondent.

*May 6—June 3, 1924.*

*Chattel mortgages: Stock of goods: Sales by mortgagor: Filing statements: Loss of lien: Exemptions: Who may assert claim.*

1. Where the mortgagors of a stock of goods, who were permitted by the mortgage to make sales, failed to file a statement of sales as required by sec. 2316*b*, Stats., and the mortgagee permitted fifteen days after expiration of the time for filing to elapse without action on his part, he must, as against other creditors, be deemed to have lost his lien for all time, though he subsequently took possession.  p. 214.

2. The question whether part of the proceeds of the sale of a stock of goods is exempt cannot be first raised on appeal from a judgment dismissing a garnishment proceeding, where the principal defendant, the owner of the goods, did not appeal. p. 215.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

Prior to June 2, 1921, the plaintiff was a creditor of the defendants *August* and *Edith Soyck,* then running a small general store at Clintonville, Wisconsin. On that day those defendants gave a chattel mortgage on their stock of goods to the respondent garnishee, *William Letman,* as security for moneys theretofore loaned. The mortgagors remained in possession and were permitted to make sales. The chattel mortgage was, pursuant to sec. 2316*b,* Stats., duly recorded with the register of deeds and city clerk.

In attempted compliance with the provisions of said statute a verified statement of sales was filed, but with the register of deeds only, on August 24th. October 24th and after the expiration of the four months and fifteen days provided for in said section, another verified statement of sales was filed with the register of deeds and two with the city clerk, one dated as of August 24th and one October 24th.

December 5th the mortgagee, *Letman,* took possession of the stock of goods under said chattel mortgage and gave due notice of a proposed sale. December 9th plaintiff's garnishee summons was served on *William Letman.*

December 10th such sale was made of the entire stock for $430, there then being due the garnishee defendant from the defendants *Soyck* about $1,000. The fair value of the goods so sold was about $650. Proper affidavit of such sale was filed December 17th. Judgment was taken in the principal action by plaintiff against the defendants *Soyck* for $267.69 on February 23, 1922.

The plaintiff took issue with the answer of the garnishee, which denied liability, and upon a trial by the court it was determined that there was no liability.

From a judgment in favor of the garnishee defendant plaintiff appeals.

The cause was submitted for the appellant on the brief of *P. J. Winter* of Shawano, and for the respondent on that of *Andrews & Brunner* of Shawano.

ESCHWEILER, J.   No question is raised but that there was not a sufficient compliance with the provisions of sec. 2316*b,* Stats., requiring the filing of statements as to sales made from the stock of goods by the mortgagors, or that, by such failure, the chattel mortgage ceased to be a lien upon such stock of goods prior to the taking possession on December 5th except as between the mortgagor and mortgagee.

The mortgagee defendant was discharged from liability in the court below upon the theory that his taking possession on December 5th, prior to the service of the garnishee process upon him, gave or restored to him a superior right to or lien upon the stock of goods as against the plaintiff, at that time an unsecured creditor.

The provision of sec. 2316*b* here involved is the last sentence thereof, which reads as follows:

"If any mortgagor shall fail to file the statements and copies thereof herein required within the time prescribed, the mortgage, as between the parties thereto, shall be immediately due and payable, and at the expiration of fifteen days from the time fixed for the filing of such statements and copies shall cease to be a lien upon such stock of goods or stock in trade except as between the mortgagor and mortgagee."

There is no express provision in this statute whereby the lien created by the original instrument, once ceasing to be effective as against the creditors of the mortgagor other than

the mortgagee, may be revived and re-established by any act of the mortgagee. The question here presented, therefore, is as to whether or not a taking possession by the mortgagee more than fifteen days after such default by the mortgagor can restore the efficacy of the chattel mortgage as against an unsecured creditor.

The right of a mortgagor to make sales from time to time and to hold the proceeds of a stock of goods under a chattel mortgage is a special privilege contrary to the common rule and granted only by and under statutory regulations.

Though the duty is on the mortgagor to make and file the statements as to such sales, yet it is the evident purpose of the statute to place an obligation on the mortgagee, if he desires to preserve his somewhat precarious lien under this special form of security, to be diligent in seeing to it that the required notices to the other creditors are given. Evidently the fifteen days after the filing period has expired are allowed him to ascertain the fact of the failure and to take possession by reason of the mortgage becoming, under the statute, immediately due and payable. But when, as is the case here, the mortgagor permits the fifteen days given him within which he may secure himself as against other creditors to elapse without any action on his part, he must, as against all other creditors, be deemed to have lost for all time the lien secured by the original mortgage.

We deem this view in accord with that indicated as to this statute in *Durr v. Wildish,* 108 Wis. 401, 84 N. W. 437; *Charles Baumbach Co. v. Hobkirk,* 104 Wis. 488, 80 N. W. 740; *Knapp v. Milwaukee T. Co.* 216 U. S. 545, 555, 30 Sup. Ct. 412.

The same ruling was made under an almost identical situation in *Stephens v. Perrine,* 143 N. Y. 476, 39 N. E. 11. That case has been followed since in *Russell v. St. Mart,* 180 N. Y. 355, 359, 73 N. E. 81, also holding that simple-contract creditors are as much protected as judgment creditors (p. 360). Again in *Skilton v. Codington,* 185 N. Y.

80, 77 N. E. 790, and in *Zartman v. First Nat. Bank,* 189 N. Y. 267, 82 N. E. 127, where it is stated that a mortgagee cannot add to his title by his own act (p. 274).

Respondent further contends that in the event it should be held as we are now holding, then the statutory exemption of $200 belonging to the mortgagors should be recognized.

Manifestly, however, such claim cannot be here and now asserted. The principal defendants are not appealing, and the question of exemptions is one that concerns them and is one to be settled with the garnishee defendant and not with plaintiff.

*By the Court.*—Judgment reversed, with directions to enter judgment in favor of the plaintiff as against the garnishee defendant.