**August C. Meyer, Receiver for Fisher State Bank, Appellee, v. Charles E. Martin et al., Appellants.**

**Gen. No. 8,640.**

the April term, 1932. Heard in this court at Opinion filed October 17, 1932.

DOBBINS & DOBBINS, for appellants.

FORREST B. GORE, for appellee; ELMER F. DAVIES, of counsel.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

On February 18, 1930, Alva G. Martin, a farmer, was indebted to the Fisher State Bank in Champaign county in the principal sum of $1,598 and executed his promissory note payable one year after date with interest at seven per cent per annum, to secure which he also executed a chattel mortgage which covered three mules, one horse, seven cattle, four hogs, one automobile, 18 farm implements and also the following: 800 bushels of corn, 15 tons of straw and three tons of hay. This mortgage contained the following clause: "Also conditioned that the mortgagor may retain possession of the said goods and chattels, and keep and use the same until he shall make default, etc." Subsequently upon a bill of complaint being filed in the circuit court of Champaign county the Fisher State Bank was found to be insolvent and August C. Meyer was appointed receiver. When the receiver took possession he found among the assets of the bank the note and chattel mortgage in question. On February 26, 1931, the receiver started to foreclose this mortgage by posting notices of sale in accordance with the provisions of the statute. Upon the same day L. O. Sale obtained a judgment against Martin in the circuit court of Champaign county in the sum of $646.41 and the Fisher Farmers Grain and Coal Company also obtained a judgment on that day against Martin for the sum of $450.13 and executions were issued, delivered to the sheriff and served on Martin on that date. On February 27, 1931, the sheriff took possession of the property and asked Martin to act as custodian until the sale which was to be held on March 9, 1931. No levy was made by the judgment creditors upon any of said property. A dispute between the judgment creditors and the receiver of the bank as to who was entitled to the property resulted in a stipulation between the parties whereby it was

agreed that the sale might proceed and the rights of the parties should be settled by the court. At the time of the foreclosure proceedings the corn, straw and hay had all been consumed by having been fed to the stock embraced in the mortgage. The other property was sold and realized a net amount of $922.70. Pursuant to the stipulation the receiver filed his intervening petition in the bank insolvency suit setting up the facts and asking an adjudication upon the rights of the parties. The cause was referred to the master in chancery who found as a matter of law that the chattel mortgage, in so far as it related to the consumable property, to wit, the corn, straw and hay, was void as to antecedent and subsequent creditors, but was valid as to the nonconsumable property and that the bank was entitled to the proceeds of the sale. The exceptions to the master's report filed by appellants were overruled by the chancellor who confirmed the findings of the master and entered a decree in conformity therewith, to reverse which this appeal is prosecuted.

The contention of appellants is that a mortgage of chattel property which includes property necessarily consumable in its use, if possession is reserved by the mortgagor with the right to use the same, is fraudulent *per se* as against antecedent and subsequent creditors. To sustain this contention appellants rely largely upon the case of *Talty v. Schoenholz*, 323 Ill. 232. It appears from the opinion in the *Talty* case that the mortgage mentioned therein was similar to that in the case at bar in that it included both consumable and nonconsumable property, and that possession was reserved in the mortgagor with the right to use the same. In that case, as in this, the right of judgment creditors to levy upon the property was involved and most of the consumable property had been consumed so that there was substantially no property on which to levy executions except that which was nonconsumable. The court held in the *Talty* case:

"The chattel mortgage in question contained a provision that until default was made in the payment of the note it should be lawful for the mortgagor to retain the possession of the mortgaged property and use the same. The larger part of the property covered by the mortgage was of such a character that it was consumable by any use thereof which might be made by the mortgagor, and the evidence shows that much of it had been consumed prior to the foreclosure of the mortgage. To render a mortgage valid there must be a bona fide and certain appropriation of the property for the benefit of the creditor, and not a colorable one, in which the creditor has only a contingent interest, dependent upon the good faith of the mortgagor. (*Tennessee Nat. Bank v. Ebbert,* 9 Heisk. 152.) Based upon *Morgan Bros. v. Dayton Coal and Iron Co.,* 183 S. W. 1019, *Morris v. Clark,* 62 id. 673, *Merchants and Mechanics Savings Bank v. Lovejoy,* 55 N. W. 108, *First Nat. Bank of Chicago v. Caperton,* 22 So. 60, *Franzke v. Hitchon,* 80 N. W. 931, *Robbins v. Parker,* 3 Metc. (Mass.) 117, *Darwin v. Handley,* 3 Yerg. 502, and other cases, the general rule is laid down in 11 Corpus Juris, 567, that a mortgage of property which is consumable in its use is prima facie fraudulent if possession is reserved by the mortgagor, and that it is fraudulent *per se* if the right to use such property is also reserved."

Appellee maintains that the *Talty* case should not control the decision in this case because it in fact simply mentions a rule laid down in Corpus Juris and does not specifically adopt it as a rule of law which should prevail in this State, but while this may be technically true the plain inference is that the rule as announced in Corpus Juris is the one approved by the Supreme Court. It follows that the decree of the circuit court is erroneous and must be reversed and remanded with directions to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*