Morley-Murphy Company, Plaintiff and Respondent, vs. Jodar and another, Copartners, Defendants: State Bank of Chilton, Garnishee Defendant and Appellant.

*January 6—February 4, 1936.*

For the appellant there was a brief by *Fox & Fox* of Chilton, and oral argument by *Leo P. Fox*.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge*.

FAIRCHILD, J.   A mortgagee has no advantage of lien against other creditors under a mortgage on a stock of goods left in possession of the mortgagor, and from which the mortgagor is permitted to make sales and apply the proceeds of such sales to his own use.   Sec. 241.14, Stats.   In the case before us, the mortgage contained no provision as to what should be done with the proceeds of the sales of the stock of goods covered by the mortgage.   The evidence shows that the mortgagee consented to sales by the mortgagors in the ordinary course of trade and retail dealing, and permitted the application of the proceeds to the private use of the mortgagors.   The facts of the matter place the case within the rule recognized in *Ross v. State Bank of Trego,* 198 Wis. 335, 224 N. W. 114.   The taking possession of the mortgaged property by the appellant did not destroy rights of other creditors, for that action by the mortgagee could not change the terms of the contract which established the relation and fixed the rights of the mortgagors and mortgagee, which in this case did not exclude creditors from reaching the property to satisfy their claims against the mortgagors.   *Blakeslee v. Rossman,* 43 Wis. 116; *Durr v. Wildish,* 108 Wis. 401, 84 N. W. 437.

The mortgage upon the fixtures was not affected by the rules governing the mortgage of the stock in trade, as set

forth in sec. 241.14, Stats., but appellant has lost its advantage as to the fixtures by the seizure, intermingling, and sale "in a lump" of the stock and the fixtures. The act of the appellant has resulted in a confusion of property subject to a lien, with other property free from such lien, and this is to the detriment of creditors having a right to resort to the unincumbered property for the satisfaction of their claims. Under the circumstances, the burden must be upon the appellant to distinguish the lienable items from the items which are free from the lien. This burden has not been lifted by the appellant, and the loss resulting must be borne by it. The stock and fixtures were sold together for $1,500, and there was no separating of the fixtures or determination of their value; hence no means are at hand for severing the appellant's property from respondents' which will protect the interests of respondents in the stock of trade sold in connection with the fixtures. There was no separate and distinct dealing by appellant with reference to these articles, and no basis for an adjudication of values exists. The fault is that of appellant, and the resulting consequence must rest upon it. *Wiedenbeck-Dobelin Co. v. Mahoney,* 160 Wis. 641, 152 N. W. 479; *Jenkins v. Steanka,* 19 Wis. * 126; *Root v. Bonnema,* 22 Wis. 539; *Smith v. Welch,* 10 Wis. * 91.

*By the Court.*—Judgment affirmed.