## GUINZBURG et al. v. D. A. SCHULTE, Inc., OF NEW YORK.

### No. 346.

Circuit Court of Appeals, Second Circuit.

June 28, 1937.

Marshall, Bratter & Seligson, of New York City (Harold P. Seligson, J. N. Wasserman, and Morton E. Yohalem, all of New York City, of counsel), for appellants.

Jerome Eisner and Ernst, Gale, Bernays & Falk, all of New York City (Henry I. Fillman, of New York City, of counsel), for appellee.

Javits & Javits, of New York City (Jacob K. Javits and Emanuel Becker, both of New York City), for appellees interveners.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This case is like Central Manhattan Properties v. D. A. Schulte, Inc. (C.C.A.) 91 F.(2d) 728, handed down herewith, except for two modifications of the single lease here involved, made in consideration of reductions of rent. By the first of these, December 2, 1932, the debtor assigned to the lessors "any and all sub-leases" then, or later to be, made "as security for the performance" of the lease; and, upon default of ten days after notice, the lessors might "collect the rents or any other monies due," but until then the debtor could do so. The second modification, May 29, 1933, merely applied any possible excess of subrents over rent to make up the reductions, required the debtor to pay any such to the lessors, and to render accounts so that the situation should be regularly disclosed. As there never has been any excess, we may disregard the second modification; and the first was plainly void under Benedict v. Ratner, 268 U.S. 253, 45 S.Ct. 566, 69 L.Ed. 991. The debtor was not obliged to keep the subrents apart in the lessors' interest; it might use them in its business as it chose, the lessors having no power over them. This vitiated the whole instrument.

Order reversed; claim allowed for fourteen-fifteenths of the subrents.