**McCANCE et al. v. D. A. SCHULTE, Inc., OF NEW YORK.**

**No. 379.**

Circuit Court of Appeals, Second Circuit.

June 28, 1937.

Breed, Abbott & Morgan, of New York City (D. L. Bugg and R. L. von Bernuth, both of New York City, of counsel), for appellants.

Jerome Eisner and Ernst, Gale, Bernays & Falk, all of New York City (Henry I. Fillman, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

■ This is an appeal from an order in bankruptcy, expunging a claim against the debtor in reorganization. The facts, so far as we can gather them from a most inadequate record, are the same as in Guinzburg et al., v. D. A. Schulte, Inc. (C.C.A.) 91 F. (2d) 733, handed down herewith, except that the land was in Pittsburgh. That makes no difference as to the recovery based upon a constructive trust, because, although we are not told whether the lease reserved any right of reëntry to the lessor, the Pennsylvania law gives such a right upon default in the payment of rent after fifteen days' notice, when, as here, the default occurs between April and September. Title 68, § 391, P.S.Pennsylvania (section 1, P.L. 187, April 3, 1830). As to the first two days of June also, Guinzburg et al. v. D. A. Schulte, Inc., rules, unless the law of Pennsylvania is not the same as the law of New York. We may disregard Otis v. Conway, 114 N.Y. 13, 20 N.E. 628, because, even though the lessor has a lien on sub-rents in Pennsylvania, it would be unavailable to the lessor here, because the debtor is not shown to be insolvent.

■ There remains therefore only the stipulation in the lease assigning sub-rents to the lessor, but allowing the debtor to collect and use them until default. If Benedict v. Ratner, 268 U.S. 257, 45 S.Ct. 566, 69 L.Ed. 991, is law in Pennsylvania, this stipulation is invalid; perhaps it is invalid for other reasons, which, however, we need not consider. So far as we have found, the supreme court of that state has never held that it is a fraud on creditors for the mortgagee to give power to the mortgagor to dispose even of mortgaged chattels. That has long been settled law in New York, and has been adopted very generally;[1] and in principle it has much to commend it, for the practice tends to give a false credit to the mortgagor, though it must be owned that the force of the argument is abated by the universal condition that if the proceeds of sales are paid upon the mortgage, the fraud disappears. At any rate it seems to us reasonable to assume that the Pennsylvania courts, if faced with the situation,

---

[1] Arkansas: Lund v. Fletcher, 39 Ark. 325, 43 Am.Rep. 270.

Colorado: Wellington v. Terry, 38 Colo. 285, 88 P. 467 (semble).

Idaho: Lewiston Nat. Bank v. Martin, 2 Idaho (Hasb.) 734, 23 P. 920; Kettenbach v. Walker, 32 Idaho, 544, 186 P. 912.

Illinois: Talty v. Schoenholz, 323 Ill. 232, 154 N.E. 139, 49 A.L.R. 1487.

Kansas: First National Bank of Smith Center v. Hardman, 89 Kan. 212, 131 P. 602.

Minnesota: Citizens' State Bank v. Brown, 110 Minn. 176, 124 N.W. 990.

Mississippi: First Nat'l. Bank v. Caperton, 74 Miss. 857, 22 So. 60, 60 Am.St. Rep. 540.

Vermont: Wilson v. Wallace, 67 Vt. 646, 32 A. 501.

Virginia: Gray v. Atlantic T. & D. Co., 113 Va. 580, 75 S.E. 226.

Washington: Miller v. Scarbrough, 108 Wash. 646, 185 P. 625.

Wisconsin: Knapp v. Milwaukee Trust Co., 216 U.S. 545, 30 S.Ct. 412, 54 L.Ed. 610; Durr v. Wildish, 108 Wis. 401, 84 N.W. 437.

would follow this body of authority. 'Benedict v. Ratner, supra, 268 U.S. 257, 45 S.Ct. 566, 69 L.Ed. 991, extended the doctrine from chattels to choses in action, expressly repudiating the notion that ostensible ownership had anything to do with it. It was of course only a holding as to New York law, and not strictly authoritative elsewhere; and yet there was nothing peculiar in that law, or the least reason to suspect that the Supreme Court would not have decided the same thing, had the appeal come from any of the other states where the underlying doctrine obtains. It may therefore be taken as authoritative upon us, wherever we find that underlying doctrine to exist. Since we think that the theorem is true in Pennsylvania, the corollary follows, and the assignment was void. In two cases in the district courts that was the result. In re Lambert & Braceland Co. (D.C.) 29 F.(2d) 758; In re Samuel Kades, Inc. (D. C.) 18 F.Supp. 455. In re Hawley Down-Draft Furnace Co., 238 F. 122 (C.C.A.3), is not to the contrary; the pledgor had no right to use the collections. Montgomery v. Philadelphia, 253 F. 473 (D.C.), is opposed, but mistakenly went on the authority of In Re Hawley Down-Draft Furnace Co., supra. In Re Lutz & Schramm Co. (D.C.) 235 F. 970, the pledgor does not appear to have had the right to use the collections; nor did he in Re Dier, 296 F. 816 (C.C.A.3). Jarecki Mfg. Co. v. Hart Bros., 5 Pa.Super. 422, appears to have language opposed; but we cannot weigh it against Benedict v. Ratner.

Order reversed; claim allowed for fourteen-fifteenths of the sub-rents.