Lucy M. Howe *vs.* Thomas Cochran and others.

November 27, 1891.

47 403
68 288

Evidence—Harmless Error.—Errors of the trial court *held* not to be prejudicial.

Chattel Mortgage — Who may Question.—One not a subsequent purchaser or mortgagee, or a creditor who has laid hold of mortgaged personal property, cannot object that the mortgage was not executed in good faith. Evidence *held* to sustain the verdict.

One Bennett, in October, 1889, executed to plaintiff a chattel mortgage for the purchase-money of household furniture situated in a house leased to Bennett by defendants as agents for the owner. In November, 1889, Bennett having abandoned the premises, the defendants took possession and removed the furniture, and, on plaintiff's demand, delivered it to her. Plaintiff brought this action in the district court for Ramsey county, to recover for injuries to the furniture caused by the defendants' negligent handling of it. At the trial, before *Kelly, J.*, it appeared that under the conditions of the mortgage, plaintiff was entitled to possession at the time of Bennett's abandonment. One Kirkland, a witness for plaintiff, produced and verified a list of the furniture made by him at the time of the sale and mortgage. This list was offered and received in evidence, the de-

fendants objecting to it as incompetent, and duly excepting. Plaintiff had a verdict of $214.07, a new trial was refused, and the defendants appealed.

*McCafferty & Noyes*, for appellants.

*Brown & Schrader*, for respondent.

GILFILLAN, C. J.   The case seems to have been tried on the theory that defendants had the right to remove the property in question, and that the plaintiff's right to recover rested on the fact that they had injured it through want of care in the removal.   Whether they had so injured it at all was a litigated question, to be determined by the jury upon the evidence.   It was therefore erroneous for the court. to charge the jury that plaintiff was entitled to recover, at any rate, nominal damages.   Whether there was a cause of action depended on the fact of injury to the goods.   But as the jury found actual damages, which included a finding of injury to the goods through defendants' want of care, the error did not prejudice.

The defendants were not in position to question the *bona fides* of the mortgage to the plaintiff.   It is only a subsequent purchaser, or mortgagee, or a creditor who has laid hold of the mortgaged property by legal process, who on that ground can object that the mortgage is invalid.   *Ellingboe* v. *Brakken*, 36 Minn. 156, (30 N. W. Rep. 659.)

The admission of the list made by the witness Kirkland was error. Its accuracy was properly verified, but it did not appear that the witness might not have testified from memory to the articles in the house.   The substitution of memoranda for the recollection of witnesses is permitted only from necessity, and where the recollection. has failed.   *Stickney* v. *Bronson*, 5 Minn. 172, (215;) *Newell* v. *Houlton*, 22 Minn. 19; *Beebe* v. *Wilkinson*, 30 Minn. 548, (16 N. W. Rep. 450.)   But, upon carefully considering the case as it went to the jury, we are satisfied the admission of the list could have had no effect on their verdict.   It enumerated only the articles, without. mentioning either value or condition.   The witnesses who testified to injury to the articles did so without reference to the list,—without knowing of it, so far as the evidence shows.   Whether the goods were injured by negligence of the defendants, and, if so, to what extent, was.

for the jury, although the evidence on those points is not very satisfactory.

The point that the damages are excessive is not raised by the assignments of error. None of the other assignments of error require particular notice.. None of them are well taken.

Order affirmed.

NOTE. A motion for a reargument of this case was denied December 8, 1891.