Cohn vs. Heimbauch.

---

Cohn, Appellant, vs. Heimbauch, Respondent.

*September 28 — October 17, 1893.*

*Evidence: Impeachment of witnesses: Sunday contract: Sale completed by delivery.*

1. The defendant in an action for the conversion of a horse cannot be impeached, or his testimony contradicted, by the minutes of his testimony on a prosecution of plaintiff for stealing the horse.

Cohn vs. Heimbauch.

2. A witness cannot be impeached by asking him if he had not "once before" testified differently.

3. A party cannot manufacture testimony for himself by proving what he said at some former time.

4. One who sells and delivers property on Sunday cannot afterwards maintain an action for its conversion by the purchaser, on the ground that the contract was illegal.

APPEAL from the Circuit Court for *Waukesha* County.

The case is stated in the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *P. H. Carney* and *D. S. Tullar*, and oral argument by *D. S. Tullar* and *E. Merton*.

For the respondent there was a brief by *Thomas M. Kearney*, and oral argument by *Wm. Smieding*.

ORTON, J. This is an action of trover for the conversion of a horse in April, 1884.

The testimony of the defendant and his witnesses tends to prove the following facts: The plaintiff, on the last Sunday in June, 1882, sold the horse to the defendant for the sum of $125, payable on demand, and delivered the possession of the same to the defendant at the same time. The defendant retained the possession of the horse for several months, when it escaped or was stolen from his barn, and after much search and inquiry it was found in the possession of the plaintiff, and the defendant regained the possession of the horse by a writ of replevin. The defendant offered and tendered to the plaintiff the price agreed upon, which was refused. The defendant sold the horse to a stranger, and it was taken to parts unknown to him.

The testimony of the plaintiff and his witnesses tends to prove the following facts: On and before the said last Sunday in June, 1882, the horse was and had been kept in the pasture of the defendant, and the defendant spoke of buy-

ing it if it suited him after trial and they could agree upon the price.   The horse was hitched with another in a wagon, and both parties, with one or two others, drove to Waterford, Racine county, to try the horse, and while there the question of price was discussed.   The plaintiff asked $150, and the defendant offered only $115, and they were unable to agree; and the defendant drove the horse back to its pasture on his premises, as he supposed.   The next September the plaintiff was stopping at "Lavins," in the town of Vernon, and when he got up in the morning the horse was standing at the gate, and he took the horse and had it pastured.

The jury found that the plaintiff sold and delivered the horse to the defendant on the last · Sunday in June, 1882, and that it was of the value of $150.   The court also made the same finding, and also that at the time of the sale and delivery it was agreed that the defendant should pay to the plaintiff the sum of $125 for said horse, and that said purchase price has not been paid, and that there was no agreement entered into between the parties respecting the property subsequent to said sale; and, as a conclusion of law, that the contract was made in violation of law, and that the defendant was the owner and entitled to the possession of the property; and judgment was entered, dismissing the complaint with costs.

Most of the errors assigned are on the admission or rejection of testimony, and the remarks of the court in connection therewith.   The exceptions, as well as the questions and answers, are very much confused, and it is very difficult to understand what they mean.

1. The plaintiff, it seems, was prosecuted for stealing the horse from the defendant, before a justice, and the defendant was sworn as a witness; and the counsel of the plaintiff wished to show that the defendant testified on that examination differently, as to the bargain being consummated

on Sunday at Waterford, from his testimony on the trial. The justice had the minutes of his testimony present, and he was asked, "Did he further answer, 'when we got to Waterford?'" and "Did he say he bought the mare." The court said, "We can't go over that trial. He talked about buying, as he testifies now. As he claims, he concluded the trial at Waterford on the Sunday in question." The counsel, as it appears, was trying to impeach the defendant, or contradict his testimony, by the minutes of his testimony on that prosecution. That was neither necessary nor proper. The defendant was a party, and the plaintiff could prove by any one what he said on that examination, or anywhere or at any time, about the sale being made on Sunday, and the court properly said that "we can't go over that trial." Afterwards, the court ruled out that record, and then said, "I have examined the evidence, and there is no apparent contradiction in the answer to what he testified here." The counsel of the plaintiff still persisted, "We make the offer," and "offer to prove," etc., and the court said: "I rule out the answer. The answer ruled out." The court was patient, considerate, and clearly right.

2. One Zelotus Hill, a witness for the defendant, was asked, on cross-examination, if he had not testified once before to a conversation with plaintiff, in which plaintiff denied that he had sold the mare. The court said he did not think it at all material, and excluded it. The question was clearly improper as well as immaterial. The plaintiff could not manufacture testimony for himself by proving what he said at some former time, and the witness could not be impeached in that way. He must be asked if he said so and so at a particular time and place. The question, "Did you hear the plaintiff say, in your conversation with him afterwards, that he would sue for the mare?" was objectionable for the same reasons. There are some other exceptions, but they do not appear to be material.

3. The learned counsel of the appellant make many objections to the judge's charge to the jury, which we cannot consider because no exceptions were taken to it at the time. But we have read the instructions of the court, and they do not appear to be liable to any objections whatever.

4. On the motion for a new trial, and for judgment in favor of the plaintiff, we are called upon to consider the merits of the case on the testimony. The parties are in direct conflict in their testimony as to whether there was a sale and delivery of the horse on the last Sunday in June, 1882. The testimony of the defendant is corroborated to some extent by the testimony of other witnesses. It is, to a considerable extent, a question of credibility for the jury to determine, and their verdict should not, therefore, be disturbed. *Poertner v. Poertner*, 66 Wis. 644. The jury, as well as the court, found that there was a sale and delivery of the horse on Sunday, and that must be accepted as a verity in the case. The contract was completed and executed on Sunday, and therefore illegal. The defendant, as the vendee of this property by a sale and delivery on Sunday, may claim the protection of the maxim, "*In pari delicto, potior est conditio defendentis.*" The court will neither enforce nor set aside a contract which is illegal, and not fraudulent, from being made on Sunday. *Hill v. Sherwood*, 3 Wis. 343. *Moore v. Kendall*, 2 Pin. 99, is in point with the facts. *Swartzer v. Gillett*, 2 Pin. 238; *Melchoir v. McCarty*, 31 Wis. 252; *Troewert v. Decker*, 51 Wis. 46; *Knox v. Clifford*, 38 Wis. 651; *Clarke v. Lincoln L. Co.* 59 Wis. 655; *Worcester v. Eaton*, 11 Mass. 369. The full statement of the principle is that when both parties enter into an illegal contract, without fraud on the part of either, the courts will leave the contract as they find it, without a remedy to either party. Both parties being equally guilty of a violation of the law, they must abide the consequences, and not ask the courts to give to such a contract the sanction

of their approval by affording a remedy to either. The court, having found that this contract was made on Sunday, rendered the proper judgment of a dismissal of the complaint with costs.

*By the Court.*— The judgment of the circuit court is affirmed.