(81 N. W. Rep. 67.)

---

PEHR PETERSON *vs.* ST. ANTHONY & DAKOTA ELEVATOR COMPANY.

Opinion filed November 7, 1899.

**Chattel Mortgage—Waiver of Lien.**

> In this case the owner of a chattel mortgage authorized and requested the mortgagor to haul away the wheat covered by the mortgage, and sell the same, and pay him (the mortgagee) with the proceeds. *Held,* that such consent to a private sale of the property operated as an implied waiver of the lien of the mortgage, whereby the mortgage was defeated.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Pehr Peterson against the St. Anthony & Dakota Elevator Company. Judgment for plaintiff. Defendant appeals.
Reversed.

*McCumber & Bogart* and *Wilson & Van Derlip,* for appellant.

*W. E. Purcell (Chas. E. Wolfe,* of counsel), for respondent.

WALLIN, J. This action was brought to recover damages for the alleged conversion of certain wheat upon which plaintiff had a chattel mortgage. The trial in the District Court was had without a jury, and judgment was entered in favor of the plaintiff. The defendant appealed from such judgment, and the action is now before this court for trial *de novo.*

On the trial it was stipulated that the mortgagor delivered at defendant's elevator at Stiles, N. D., 135 bushels of wheat, worth 65 cents per bushel; and it is practically uncontroverted that the plaintiff bought the wheat of the mortgagor, and at his request paid one Kinney for such wheat; also, that the plaintiff had a chattel mortgage upon the wheat to secure a sum in excess of the judgment.

Appellant's counsel contend that the judgment should be reversed,

and base their contention upon two grounds: (1) Upon the ground that it does not appear that before the action was brought there was a demand made for the wheat, followed by a refusal to deliver the same; (2) that it does affirmatively appear that there was a waiver by the plaintiff of the lien created by the mortgage, whereby the lien was destroyed, prior to the sale of the wheat to defendant. We shall have occasion, in disposing of the case, to consider only the point of waiver, and will be compelled to hold, under the evidence, that plaintiff did waive the lien of the mortgage. A perusal of the testimony given by plaintiff's witnesses discloses that plaintiff—the mortgagee—visited the premises where the grain was grown on the day the mortgagor finished threshing in the year in question, and on that occasion requested the mortgagor to pay the debt secured by the mortgage. The mortgagor replied, in substance, that he would have to sell the wheat before he could get the money to pay with. To this plaintiff replied, in substance, that the mortgagor should go and get it. The mortgagor testified as follows: "Well, he didn't really tell me I should sell it. But I told him I would have to haul the wheat before I could get the money. Then he said I should get the money,—he wanted the money." The testimony of the plaintiff is equally clear, and to the same effect. While on the stand, the plaintiff was asked as follows: "Q. Did you ever tell him anything about it? A. I told him to haul the wheat and sell it, and then I sent the deputy sheriff out to take care of it." It appears that plaintiff gave the notes secured by the mortgage to the deputy sheriff for collection, but the testimony further shows that such officer did not take any action with respect to the matter; nor is it claimed that any attempt was ever made to take possession of the wheat under the mortgage, for purposes of foreclosure or at all. The testimony we have adverted to comes from the plaintiff's witnesses, and the same is not disputed in any manner. It shows that the mortgagee saw fit to authorize the mortgagor to sell the property covered by the mortgage at private sale; and this authority was given under such circumstances as would, if acted upon, result, not only in a removal of the property from the premises of the mortgagor, but likewise in mixing the same with other grain, in one common mass, thereby rendering it impossible for the mortgagee thereafter to identify the property and take possession of it for purposes of foreclosure. These facts, in our judgment, must operate as an implied waiver of the lien of the mortgage. The case falls squarely within the case of *New England Mortg. Sec. Co.* v. *Great Western Elevator Co.*, 6 N. D. 407, 71 N. W. Rep. 130. See, also, *Hogan* v. *Elevator Co.*, 66 Minn. 344, 69 N. W. Rep. 1; *Partridge* v. *Elevator Co.* (Minn.) 78 N. W. Rep. 85; *Roberts* v. *Crawford,* 54 N. H. 532. The further fact appears that the mortgagor, on the day following the interview with the plaintiff to which we have made reference, hauled the wheat in question to the elevator, and there sold it to the defendant, and, under the mortgagor's instructions so to do, the

defendant paid the proceeds of the sale to one Kinney, who it appears claimed to have a prior mortgage on the wheat. The mortgagor testified that the "hauled it for Mr. Kinney," but on cross-examination said he did not see Kinney, except at the elevator. We regard this testimony, however, as unimportant upon the question of waiver. The mortgagor was, in effect, authorized and requested by the mortgagee to haul the grain to market and sell the same, and bring the proceeds to the mortgagee. On the next day thereafter the grain was hauled and sold. Under these circumstances, we think the authority to sell, followed by an actual sale, cannot be defeated by a claim that some other person also requested the mortgagor to sell the same grain, and that the sale was made pursuant to the request of such other person. The fact of waiver or nonwaiver in a given case cannot be determined by the number of persons who may request a mortgagor to sell the mortgaged property. The crucial question is whether the plaintiff, holding a chattel mortgage, authorized the debtor to sell the property at private sale, and whether subsequently thereto such sale was actually made. Of course, a mere consent to a sale, not acted upon in any manner, would not operate as a waiver. Upon the ground of waiver alone, we hold that the judgment for plaintiff was erroneously entered, and must therefore be reversed. The trial court will reverse its judgment, and enter a judgment dismissing the action, with costs of both courts to defendant. All the judges concurring.