Warrick v. Rasmussen.

---

STEPHEN K. WARRICK, APPELLANT, v. NELSON H. RASMUSSEN, APPELLEE.

FILED JUNE 24, 1924.   No. 22796.

1. **Chattel Mortgages:** WAIVER OF LIEN. Where a mortgagee of chattels authorizes the mortgagor to sell the property described in the mortgage at private sale, and the sale is accordingly made, the mortgagee thereby waives his lien.

2. ———: ESTOPPEL. Where a mortgagee, with knowledge of the facts, accepts a part of the proceeds of a sale of the mortgaged property made by the mortgagor, such mortgagee is thereby estopped as against a purchaser to assert that the sale was invalid.

3. **Replevin:** DAMAGES. "Interest is the ordinary measure of damages of the defendant in replevin; but where the use of the property has a value which exceeds the interest, he may recover such value, and his right so to do does not depend upon return of the property." *Schrandt v. Young,* 62 Neb. 254.

4. **Evidence** examined, and *held* sufficient to support the verdict and judgment of the trial court.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Mothersead & York* and *Floyd E. Wright*, for appellant.

*P. J. Barron, Robert G. Simmons, J. M. Fitzgerald* and *Morrow & Morrow, contra.*

Heard before MORRISSEY, C. J., ROSE and DAY, JJ., BLACKLEDGE and REDICK, District Judges.

## DAY, J.

Action in replevin by Stephen K. Warrick against Nelson H. Rasmussen to recover possession of a Cole 8 automobile. Plaintiff claims the right of possession by virtue of a chattel mortgage upon the property executed by P. C. Gaines. The trial resulted in a verdict and judgment in favor of the defendant. Plaintiff appeals.

It appears that Gaines was a retail dealer, engaged in selling automobiles to the public generally. On December 21, 1920, Gaines executed a chattel mortgage to the plaintiff to secure a note of $5,000. The mortgage covered a number of automobiles, among them the Cole 8 in question. The mortgage was duly filed for record on December 23, 1920. With the knowledge and consent of the mortgagee the car in question, with others, was displayed by the mortgagor for sale to the public in a salesroom at the place of business of the mortgagor. On March 3, 1921, while the lien of the plaintiff's chattel mortgage was in full force and effect, Gaines sold the car in question to the defendant, the consideration being $100 in cash, a diamond ring, a Dodge Sedan car, and three notes of $300 each, signed by the defendant. At the time of the purchase, the defendant, who was a practicing physician, had no actual knowledge of the existence of the plaintiff's mortgage. The trial court construed the answer to plead as a defense that the plaintiff had released the mortgage lien by giving permission to the mortgagor to sell the property, and also that the sale had been ratified by the plaintiff by the acceptance of a part of the proceeds of the sale, with full knowledge of

the facts. The jury were instructed upon this theory.

Gaines testified that the plaintiff knew of the proposed sale of the car to Rasmussen a week before the sale was made, and knew of the conditions of the sale, and that plaintiff gave his consent that the sale be made. This testimony is corroborated by Mrs. Gaines, who testified that she was present at the time her husband and the plaintiff discussed the proposed sale, and that plaintiff consented thereto. Plaintiff denies that he consented to the sale. He admits, however, that Gaines had talked with him about a prospective sale to Rasmussen. With respect to the conversation with Gaines the plaintiff testified: "He came in and told me that Dr. Rasmussen was a prospect for a Cole car. I asked him how the Doctor wanted to pay for it, and he said he didn't know. I said you find out what he wants to pay for it, and then come back to me, and I will tell you whether you can sell it or not." He further testified that Gaines never reported to him the terms on which Rasmussen was to buy. The plaintiff testified that Gaines was instructed not to sell a car without first taking it up with plaintiff. A number of circumstances, which need not be set out, seem to corroborate the theory that plaintiff consented to the sale. This issue was for the jury to determine.

The testimony also tends to prove that after the sale was made, and with full knowledge of the facts, the plaintiff accepted a part of the proceeds thereof. If he did so, such act would constitute a ratification of the sale. Under the evidence this question was also for the jury to determine.

The rule of law is settled that where a mortgagee of chattels authorizes the mortgagor to sell the property described in the mortgage, and the sale is accordingly made, the mortgagee has thereby waived his lien. *Drexel v. Murphy,* 59 Neb. 210; *Seymour v. Standard Live Stock Commission Co.,* 110 Neb. 185.

It is equally well settled that, where a mortgagee accepts part of the proceeds of the sale of the mortgaged property, with knowledge of the transaction, he is estopped as against a purchaser to assert that the sale is invalid. *Ayres v. McConahey,* 65 Neb. 588.

The jury found that, at the commencement of the action, the right of property in the automobile, and the right of possession thereof, was in the defendant, and that if a return of the property could not be had the value thereof should be fixed at $2,400 and that the defendant was damaged by the detention of the property in the sum of $528. Upon the motion for a new trial the court ordered a remittitur of $128 from the amount of damages awarded for the detention of the car, and thereupon judgment was rendered in accordance with the verdict as modified by the remittitur.

The plaintiff complains that the court erred in permitting evidence to be offered by the defendant tending to prove the value of the use of the car. Plaintiff urged that interest upon the value of the car is the measure of damages for its detention. The interest rule does not apply to all situations. The rule for the measure of damages for the detention of property, applicable to the facts in this case, is stated in *Schrandt v. Young*, 62 Neb. 254, as follows: "Interest is the ordinary measure of damages of the defendant in replevin; but where the use of the property has a value which exceeds the interest, he may recover such value, and his right so to do does not depend upon return of the property."

The plaintiff also complains of certain instructions to the jury. We think the instructions were responsive to the issues tendered by the pleadings, and that the verdict of the jury is sustained by the evidence.

The judgment of the district court is

AFFIRMED.

Note—See Chattel Mortgages, 11 C. J. p. 624, sec. 339; p. 262, sec. 340—Replevin, 34 Cyc. pp. 1509, 1561, 1563.