# STEPHEN SINGER v. FARMERS STATE BANK OF GOODRIDGE.[1]

March 5, 1926.

No. 25,148.

**Lien of chattel mortgage discharged by mortgagee's consent to sale of mortgaged chattels.**

1. A chattel mortgage lien is discharged by the mortgagee's unconditional consent to the mortgagor selling the property.

**As used in section 8345, creditor is person who has seized mortgaged property by legal process.**

2. A creditor within the meaning of G. S. 1923, § 8345, is not a general creditor, but one who, armed with legal process, has laid hold of the mortgaged property.

Chattel Mortgages, 11 C. J. pp. 563 n. 69; 624 n. 35.

After the former appeal the case was tried before Grindeland, J., who dismissed the action at the close of the testimony. Plaintiff appealed from the judgment. Affirmed.

*Theo. Quale,* for appellant.

*J. M. Bishop* and *H. O. Berve,* for respondent.

WILSON, C. J.

Plaintiff appeals from a judgment of dismissal. The facts appear in 161 Minn. 301, 201 N. W. 414.

It now appears that the mortgagee unconditionally consented to the mortgagor selling the mortgaged chattels. The finding of the trial court to that effect is sustained by the evidence. The lien of the mortgage was by such consent discharged. Fairweather v. Nelson, 76 Minn. 510, 79 N. W. 506; National Citizens Bank v. McKinley, 118 Minn. 162, 136 N. W. 579.

The principle of law correctly stated in the prior decision was inapplicable to the then facts of this case in this, that while the

[1]Reported in 207 N. W. 631.

bank in ordinary parlance was a creditor, it was not such under G. S. 1923, § 8345, which contemplates a creditor who has laid hold of the mortgaged property armed with legal process and not a general creditor. Ellingboe v. Brakken, 36 Minn. 156, 30 N. W. 659; Howe v. Cochran, 47 Minn. 403, 50 N. W. 368; Bradley, Clark & Co. v. Benson, 93 Minn. 91, 100 N. W. 670. The result previously reached was correct and could have rested on other grounds. We call attention to the inadvertence so that the decision will not be construed as extending the application of the rule beyond the authority of the cases herein cited.

Affirmed.