SOUTHERN WISCONSIN ACCEPTANCE COMPANY, Appellant, vs. PAULL, Respondent.

*March 9—April 5, 1927.*

*Chattel mortgages: Waiver of lien: Authorizing mortgagor to sell mortgaged property: Innocent purchaser.*

1. Where an acceptance company, as mortgagee of an automobile, permitted the mortgagor to place it in the possession of a dealer for sale, with the understanding that the dealer would pay the amount due on the mortgage out of the proceeds of the sale, and the dealer's agent making the sale absconded with the proceeds, the acceptance company could not recover the car from a good-faith purchaser. p. 549.
2. A mortgagee of chattels who authorizes the mortgagor to sell the mortgaged property, and a sale is accordingly made, has thereby waived his lien. p. 550.

APPEAL from a judgment of the circuit court for Iowa county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

Replevin by the *Southern Wisconsin Acceptance Company* against *James T. Paull* to recover the possession of an automobile. From a judgment dismissing the action the *Southern Wisconsin Acceptance Company* appealed.

The *Acceptance Company* loaned money and took a chattel mortgage on three automobiles as security. The chattel mortgage was filed in the office of the proper town clerk. Thereafter the *Acceptance Company* knew that the mort-

·gagor had taken the cars to a garage for the purpose of having them sold by the garage. The *Acceptance Company* investigated the financial standing and reputation of the garage and left the matter of sale entirely to the garage, knowing that the garage was to sell the cars and pay the *Acceptance Company* what was due on its chattel mortgage out of the proceeds of such sale.

While the cars were in the garage a salesman employed by the garage sold the car here in question to the defendant *Paull* for $1,000 in cash and a used car. The salesman absconded with the cash.

The trial court found that the defendant *Paull* exercised reasonable prudence in purchasing the car; that he paid a fair value, acted, in good faith and without any knowledge that the *Acceptance Company* had or claimed to have any lien or claim against the same.

For the appellant there were briefs by *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn*.

*James E. O'Neill* of Dodgeville and *T. M. Priestley* of Madison, for the respondent.

STEVENS, J.   The single question presented is whether the holder of a chattel mortgage waives his lien under the mortgage when he consents that the mortgagor or his agent may sell the mortgaged property under an agreement that the proceeds of the sale be applied upon the debt secured by the chattel mortgage. This question has not been determined in Wisconsin. Its determination is not affected by the provisions of sec. 241.14 of the Statutes, because neither by the terms of the chattel mortgage nor by the conduct of the parties were the three automobiles covered by the chattel mortgage treated as a stock of goods.

Both upon principle and upon authority the court is satisfied that it must be held that, as against the defendant who purchased in good faith without knowledge of the existence

of the mortgage, the *Acceptance Company* waived the lien given by the chattel mortgage when it consented that the automobile here in question be placed in a garage for sale to the public generally, relying upon the mortgagor and the mortgagor's agent, the garage, to collect the proceeds of the sale of the car and pay the same over to the *Acceptance Company* in satisfaction of the debt secured by the chattel mortgage.

"The rule of law is settled that where a mortgagee of chattels authorizes the mortgagor to sell the property described in the mortgage, and the sale is accordingly made, the mortgagee has thereby waived his lien." *Warrick v. Rasmussen,* 112 Neb. 299, 301, 199 N. W. 544, 545; *Singer v. Farmers State Bank,* 166 Minn. 327, 207 N. W. 631, 632; *Peterson v. St. Anthony & D. E. Co.* 9 N. Dak. 55, 56, 81 N. W. 59, 60; *Hoyt v. Clemans,* 167 Iowa, 330, 149 N. W. 442, L. R. A. 1915 C, 166, 170; *Carr v. Brawley,* 34 Okla. 500, 125 Pac. 1131, 43 L. R. A. N. s. 302, 305, and cases cited in note.

"The consent of the mortgagee that the mortgagor may sell the mortgaged property, given upon the agreement of the mortgagor that he will apply the proceeds of such sale on the mortgage debt, amounts to a substitution of the personal promise of the mortgagor in lieu of the mortgaged security." *Minneapolis T. M. Co. v. Calhoun,* 37 S. Dak. 542, 159 N. W. 127; *Ramsey v. California P. Corp.* 51 Cal. App. 517, 201 Pac. 481, 486; *Calkins v. Stevens,* 49 N. Dak. 768, 193 N. W. 733.

*By the Court.*—Judgment affirmed.