MESKE and another, Respondents, vs. WENZEL, Appellant.

*October 16—November 20, 1945.*

For the appellant there was a brief by *Bloodgood & Passmore* and *William E. Burke,* all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondents there was a brief by *Doll & Kinzer,* and oral argument by *Bruce Randolph,* all of Milwaukee.

FOWLER, J.   The action is replevin brought in the civil court of Milwaukee county.   Judgment was entered therein for possession of the property or for its value if delivery could not be had and for six cents damages for its detention.   The defendant appealed to the circuit court and the civil court judgment was affirmed, and like judgment was entered in the circuit court.   From that judgment the defendant appeals to this court.

The property replevied was covered by a chattel mortgage executed by the defendant running to the plaintiffs Meske and Lundquist as named mortgagees.   Plaintiff Lundquist was a partner of Meske.   The partnership was operating a machine shop.   Pursuant to negotiations between Meske and Wenzel five writings were signed next described and designated as (1), (2), (3), (4), and (5).

(1) On February 16, 1944, an agreement was signed by Meske for the partners and "accepted" by Lundquist in writ-

ing for sale to defendant for $5,000 of the business and the machinery in the shop, which provided that $100 be paid at signing, $2,900 be paid at delivery of inventory and bill of sale, and that the remainder of $2,000 be secured by a chattel mortgage and paid out of the first profits. On the margin was written "minimum payments $500 per month and extension to a total of six months" written by Wenzel, a lawyer, signed by both partners.

(2) On February 18th, a bill of sale was executed and $2,900 was paid.

(3) On February 18th, a chattel mortgage was executed by Wenzel to Meske and Lundquist to secure payment of the $2,000 in instalments of $500 each, commencing April 10, 1944. An inventory of the property in the shop was attached to the mortgage and made a part thereof.

(4) On February 26th, a writing was signed by Meske and Lundquist reading:

"For value received it is agreed that E. H. Wenzel or his assigns are authorized to sell and convey title to such machines as are listed in inventory and bill of sale heretofore made between said Wenzel and myself for the purpose of replacement with other machines subsequently purchased on which said machines so released shall be traded in or sold outright free of incumbrance."

(5) On March 6th, before the first $500 was due under the mortgage, Wenzel paid $150 to Meske. A writing was then signed by Meske reciting need of funds by Meske for taxes and household expenses, reciting that a note of Wenzel was owned by Meske and plaintiff Lundquist secured by a chattel mortgage, and reciting that Meske "released sold and assigned to Wenzel" Meske's one-half interest in the note and mortgage.

As to why writing (5) was signed and what was done about it, Meske testified that he was having "trouble" with his wife and was afraid that she would get half of the $2,000

coming to him from Wenzel and Wenzel proposed the writing as a device to prevent her from getting it. The next morning after signing the instrument, after thinking the matter over, Meske said to Wenzel they "would forget" the writing and Wenzel said "all right, if you want it that way, we will forget about it," and "everything will be all right."

Wenzel paid nothing further. In April when the first $500 fell due under the mortgage Wenzel refused payment because he claimed false representations had been made about the business. In August plaintiffs demanded the remainder due on the mortgage. Wenzel refused to pay anything further and plaintiffs demanded possession of the mortgaged property. This also was refused. This action in replevin was then begun. On the trial the parties stipulated the value of the mortgaged property at $1,500. Trial was had to the court without a jury. The trial judge made findings appropriate to the action of replevin in cases where, as here, the affidavit alleges and the answer denies the plaintiffs to be entitled to the possession of the property, its value and that it was wrongfully detained. *Bates v. Wilbur,* 10 Wis. *415; secs. 26, 27, ch. 119, R. S. 1849; sec. 265.02, Stats. 1943. The findings determined that plaintiffs were entitled to possession of the property, its value as stipulated, its wrongful detention, and the damages for its detention.

There is the usual provision in the mortgage that on default of payment the mortgagees shall have the right to take possession of and remove the mortgaged property. The action is based upon this provision. The appellant claims for two reasons that there was nothing due on the mortgage debt at the time of the commencement of the suit and therefore there was no default. The first is that by writing (1) the $2,000 the mortgage secures was to be paid out of the profits of the business, and there were no profits and therefore nothing became due. The second is that Meske made false representations on which Wenzel relied when the contract of sale

was made and the contract is therefore void and nothing ever became due upon it.

By the terms of the mortgage, there was clearly a default. The mortgage having been executed two days after writing (1) was executed it must be taken as an integration of the final agreement of the parties. So far as writing (1) and the mortgage do not conflict writing (1) may be referred to in interpreting the meaning of the mortgage. The mortgage does not state the time of any $500 payment except the first, but writing (1) states the payments were to be made monthly. Thus the first payment was to be made April 10th and the other three on May, June, and July 10th. As to the provision for "payment out of profits" contained in writing (1) that is in conflict with the provision of the mortgage that the mortgagor "shall pay to said mortgagees the . . . ($2,000) in instalments of $500 each commencing on the 10th day of April." The mortgage imposes no condition of payment and therefore provides for its payment absolutely. Both of the instruments were drawn by the defendant and if taken together they are reasonably subject to two interpretations, that interpretation must be given that is favorable to the plaintiffs. *Schuhknecht v. Robers,* 192 Wis. 275, 282, 212 N. W. 657. As to defendant's claim that nothing was due on the mortgage when the action was begun because of fraudulent representations of Meske as to the condition of the business, a false representation as to that is not here material. Such a representation, if made and relied on by the defendant, if it operated to induce the defendant to enter into the contract, would constitute fraud. Such a representation so relied on and so operating would give the defendant the right to elect whether to rescind the contract, or to keep the property purchased and recover his damages. The defendant did not rescind but is keeping the property. The damage in such case is the difference between the value of the property purchased as it was and what it would have been had it been as repre-

sented and there is no evidence as to that difference. Also the defendant did not plead fraudulent representations in his answer or allege damage resulting therefrom as he might have done if he claimed them. Fraud must be separately pleaded as a defense to be available as such. 3 Bryant, Wis. Pl. & Pr. (2d ed., Boesel & Henderson) p. 21, sec. 310.

The defendant also claims that under writing (5) he became the owner of Meske's interest in the mortgage and the mortgage debt and that the judgment is therefore erroneous in giving to the plaintiffs jointly judgment for possession and for recovery of the value of the property. This writing, drawn by a lawyer and running to himself, is under the circumstances involved a very suspicious instrument. It is here set out in full:

"Whereas I Val A. Meske have insufficient funds to pay income taxes also household expenditures and whereas I am in need of funds to pay said taxes and also to provide household expenses and whereas I am the holder with E. A. Lundquist of a note executed by E. H. Wenzel covered by chattel mortgage on machinery payable in instalments for a period of six months first note payable April 10, 1944, now therefore in consideration for the money received from E. H. Wenzel with the signing of this agreement and further consideration services rendered and other good consideration the receipt of which is hereby confess and acknowledge I Val Meske release sell and assign all my right title and interest in and to said note and chattel mortgage consisting of one-half interest therein to Edw. H. Wenzel free and clear of all incumbrance and I further agree to indorse note and chattel mortgage showing complete satisfaction of my interest therein."

Meske's claim as to the circumstances under which it was signed is as above stated. The defendant himself produced the instrument on cross-examination of Meske and elicited Meske's testimony as to the circumstances under which it was signed and introduced it in evidence. On starting to produce

evidence in defense, defendant's attorney put defendant Wenzel on the stand, and after showing him writing (5) said:

"Now, before I ask this witness another question, I desire to move that all of the testimony of Mr. Meske just given in reference to conversations that occurred on or about March 16, 1944, in reference to the defendant's Exhibit 2 [writing (5)] be stricken as incompetent, irrelevant and immaterial, and an attempt to vary the terms of a written instrument."

To this the court answered:

"Under the testimony as it has been offered here by the plaintiff Meske, the court will grant your motion."

This ruling of the court was obviously erroneous. Counsel himself elicited the testimony he moved to strike, and if he was to rely on the instrument the testimony was material, as it obviously rendered the instrument void on grounds of public policy as executed in fraud of Meske's wife. The defendant being party to the fraud could not affirmatively assert right under it as against Meske. *Sauerhering v. Rueping,* 137 Wis. 407, 119 N. W. 184; *Netherton v. Frank Holton & Co.* 191 Wis. 483, 488, 210 N. W. 379; *Cohn v. Heimbauch,* 86 Wis. 176, 56 N. W. 638; *Morse v. Ryan,* 26 Wis. 356, 362. To the general proposition see also 6 Williston, Contracts, secs. 1738, 1739, 1750.

It is of moment in this connection that there was no consideration for writing (5), except the payment of $150 before anything became due under the mortgage, and that is so slight as to be inconsiderable. A contract being void as to creditors as against public policy where there has been no consideration for it, want of consideration may be interposed as a defense to its enforcement. *Behnke v. Kroening,* 174 Wis. 224, 231, 182 N. W. 837.

As to the materiality and competence of Meske's testimony, see Syl. 7, and p. 183, of *Kilbourn City v. Southern Wis. Power Co.* 149 Wis. 168, 135 N. W. 499, and 13 C. J., Contracts, p. 496, and cases cited under note 23. The defendant in the case above cited was asserting right under a contract void on grounds of public policy because violative of a statute. The rule with equal reason applies to writings void as against public policy at common law. Counsel for defendant contends that as the civil court of Milwaukee county has no equitable jurisdiction, and the rule is one of equity, it does not apply. But a party may interpose equitable defenses in actions at law. Sec. 263.16, Stats. True, equitable defenses must be set up where there is opportunity to plead them, but there was here no opportunity as no pleading lies in response to an answer, and besides the defendant did not plead the writing by his answer. The rule barring assertion of rights under an instrument illegal because against public policy is as applicable in actions at law as in actions in equity. See 13 C. J., Contracts, pp. 493, 494, and cases cited under note 19. The circuit judge rejected the contention of defendant under writing (5) on the ground that the parties themselves agreed to abandon the instrument as indicated by Meske's testimony above stated, and the rule was correct for that reason as well as for the reason that the instrument is void as against public policy.

The defendant also claims that the lien of the mortgage was waived by writing (4). As none of the mortgaged property was sold this writing did not operate to waive the lien as between the parties. *Southern Wisconsin Acceptance Co. v. Paull,* 192 Wis. 548, 213 N. W. 317, is cited in support of appellant's contention, but the rule of that case is expressly limited to cases in which a sale is "accordingly made."

The above covers the contention of the appellant and requires affirmance of the judgment of the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.