WENZEL, Appellant, vs. MESKE and another, Respondents.

*September 10—October 14, 1947.*

For the appellant the cause was submitted on the brief of *William E. Burke* of Milwaukee.

For the respondents there was a brief by *Doll, Kinzer & Hokanson* of Milwaukee, and oral argument by *R. A. Kinzer*.

RECTOR, J.   The quoted agreement could have been intended either to, (1) release from the mortgage such of the original machinery as might be sold, or (2) release the machinery and subject the required replacements to the lien of the mortgage.   If we assume most favorably to the appellant that the latter was intended and that the purpose was accomplished (cf. *Chynoweth v. Tenney* (1860), 10 Wis. *397), such a substitution of security was for the sole benefit of the respondents.   When in the process of foreclosing their chattel mortgage the respondents obtained a judgment for the return of the original security or for its determined value of $1,500, their rights became fixed by the judgment.   The rights of the appellant also became fixed.   He no longer held the original machinery subject to the terms of the mortgage as modified by the agreement.   He held it subject to the terms of the judgment.   Instead of complying with the judgment and turning the property over to the respondents, he elected to dispose of it, and he thereupon became liable by the terms of the judgment for its value.

Execution upon a replevin judgment is for the delivery of specific property to the party entitled thereto and specifies the value of such property as determined by the judgment.   If delivery cannot be had, the judgment is to be satisfied out of other property to the stated value as in the case of personal judgments.   Sec. 272.05 (6), Stats.   So far as the replacement machinery can be applied in satisfaction of the personal judgment, in the absence of agreement of the parties, it must be by sale and application of proceeds as in the case of other money judgments.

The complaint stated no cause of action, and the court properly denied the temporary injunction.

*By the Court.*—Order affirmed.