BRENNEMAN, Respondent, vs. REDDICK and another, Appellants.*

*March 4—March 31, 1953.*

* Motion for rehearing denied, without costs, on June 2, 1953.

For the appellants there were briefs by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

For the respondent there was a brief by *Reiland & Schmidt* of Wisconsin Rapids, and oral argument by *Donald E. Reiland* and *Leon S. Schmidt.*

BROWN, J. Appellants insist that this action is one to recover damages for breaches of warranty that the merchandise covered by the contract should be of merchantable quality, and they contend that respondent's action will not lie because respondent did not notify appellants within a reason-

able time after receipt of the goods that he elected to rescind the contract, as provided by sec. 121.69 (3), Stats., or that he intended to look to the appellants for damages, as provided by sec. 121.49, and interpreted by *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932), 207 Wis. 209, 225, 240 N. W. 392. We agree that no such notice was given by respondent and that he cannot maintain an action for breach of warranty but that does not dispose of the issue of fraud. Appellants submit that much testimony was admitted appropriate to an action for breach of warranty and would have us believe that the issue of fraud had been abandoned. We can not find this to be the case. The complaint charged fraud and questions concerning fraud were asked the jury and answered, and there was ample evidence to sustain such answers except the one that the units were not in merchantable condition when the contract was executed. The action cannot be disposed of as one for breach of warranty but must be considered as one founded upon defendants' fraud.

Appellants do not question the jury's findings that respondent was induced to enter into the contract by the fraud and deceit of appellants and we see no reason to question them either. Appellants' attack on the verdict is directed to the issue of damages and the finding that the units were not in merchantable condition. They contend that there is no evidence to support such finding or the damages found by the jury or the reduced amount allowed by the trial court in motions after verdict.

Both Wisconsin and Ohio have adopted the Uniform Sales Act. We regard this sale as one of unspecified goods in which title passed to the buyer when the goods were appropriated to the contract. Sec. 121.19 (4) (a), Stats. At the very latest this occurred when the heaters and air conditioners were delivered by appellants to the trucking firm for transportation to respondent. Appellant Alfred M. Reddick and his employee, who helped prepare and deliver the merchan-

dise for shipment, testified that at that time they inspected and tested each article and delivered it to the trucker in perfect condition. Respondent had no evidence to the contrary and could only say that the heaters arrived in a damaged condition. He admitted that they might have been damaged in transit. From date of delivery to the time of trial they remained in respondent's barn which certainly could not enhance their appearance. One damaged heater and a damaged air conditioner with like history were put in evidence. The air conditioners were shipped in closed cartons and respondent testified he had opened only a few cartons and in some the air conditioners were undamaged while in others damage existed.

Proof is clearly lacking to support the findings of the jury in section C of the verdict that the representation was false that the units were new and in condition to be sold. The arrival of damaged goods coupled with an admission that they could have been broken in transit is not proof that they were damaged when delivered to the carrier and that fact was denied by two witnesses without any contradiction. We conclude that this finding and the associated damages, as found either by the jury or by the court, are based on speculation and must be set aside. This conclusion also makes it unnecessary to consider respondent's motion to review the court's reduction of damages as having been made after the term and more than sixty days after verdict, and without offering respondent a choice between accepting the reduced sum or having a new trial. If the court's award cannot stand neither can we reinstate the jury's, for lack of evidence to support it.

But we may not dismiss the action, as appellants wish us to do, for we believe that the interests of justice require consideration of a measure of damages which was not submitted to the jury but which is demanded by the evidence produced

at the trial. Furthermore, the nature of the evidence is not such as to require a jury to pass upon it in a new trial. The measure of damages adopted by the trial court is that approved by *Meske v. Wenzel* (1945), 247 Wis. 598, 20 N. W. (2d) 654, and is suited to an action in which the goods themselves were misrepresented but it is inappropriate when the evidence does not support a finding of such misrepresentation, which we have already said is the case here. But the buyer is not without redress if by fraudulent statements not going to the quality or quantity of the goods he is persuaded to contract for merchandise at an excessive price. A part of the inducement for respondent's payment was appellants' fraudulent representation that a sales instructor would teach him sales techniques for these articles and that sales literature would be furnished him. In spite of such fraud respondent has retained the goods and he is liable for their true value, but if that differs from what he was induced by fraud to pay he is entitled to the difference. Restatement, 3 Torts, pp. 59, 108, secs. 525, 549, states the rule thus:

"Sec. 525. *Liability for Fraudulent Misrepresentations.* One who fraudulently makes a misrepresentation of fact, opinion, intention, or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation."

"Sec. 549. *Measure of Damages.* The measure of damages which the recipient of a fraudulent misrepresentation is entitled to recover from its maker as damages under the rule stated in sec. 525 is the pecuniary loss which results from the falsity of the matter misrepresented, including
"(a) the difference between the value of the thing bought, sold, or exchanged and its purchase price or the value of the thing exchanged for it, . . ."

We may disregard the air conditioners. The proof was that some were defective, and some were not, of the small

number which respondent examined, and even as to those found to be defective the proof of difference between actual value and purchase price is lacking. But as to heaters, we know that on February 16, 1950, respondent paid $1,180 for 20 of them. This works out to $59 each. Alfred Reddick testified on the trial, in January, 1952, that the heater in evidence was then worth $99.50 at retail. That is what Leslie Reddick in person had informed respondent was the retail value when the contract was signed in 1950, so by defendants' own testimony the value, whatever it might be, was not changed in the interim. But in this interim in his local newspaper Reddick advertised the same heaters at retail, for $29.50 each. We have then, an established actual retail value of $29.50 per unit for which by fraudulent misrepresentations respondent was induced to pay $59, and that in bulk quantities. The difference per unit is $29.50 and for the 20 units is $590. Under the rule quoted from Restatement, which applies to a transaction such as this, respondent should recover this difference from appellants.

No loss of profits or other damage claimed by respondent was supported by proof nor was a question on it submitted.

Over vigorous objection by appellants, respondent was allowed to testify that when Leslie Reddick came to see him Reddick drove up in a Cadillac automobile. Appellants submit that their objection should have been sustained and the admission of the evidence was prejudicial error and requires a new trial. Respondent submits that the testimony was so clearly immaterial that it must have been disregarded by the jury. We agree that its irrelevancy is clear; so clear that respondent's insistence on getting it into evidence could only have been for an intended prejudicial effect. While it hardly lies in respondent's mouth now to argue that his attempt was unsuccessful, our study of the whole record convinces us that the prejudicial effort was in vain. Consequently, the application for a new trial for that cause must be denied.

*By the Court.*—Judgment modified by reducing respondent's damages to $590, with interest, and as so modified, affirmed. No costs will be allowed on the appeal. Appellants to pay the fees of the clerk.