BANK OF ASHIPPUN, Appellant, vs. ELLS and another, Respondents.

*December 7, 1956—January 7, 1957.*

For the appellant there was a brief by *Brendemuehl &*
*Brendemuehl* of Oconomowoc, and oral argument by *Alvin*
*G. Brendemuehl.*

For the respondent Carlton Ells there was a brief and oral
argument by *H. Maxwell Manzer* of Madison.

For the respondent Ellis Border there was a brief by
*Godfrey, Godfrey & Warren* of Elkhorn, and oral argument
by *Thomas G. Godfrey.*

MARTIN, J. The trial court held that plaintiff had waived
its mortgage lien on the tractor and the evidence supports

that conclusion. The bank permitted the tractor to be commingled with Bierman-Turnacliff's other stock in trade without any mark indicating it was mortgaged property; it knew that it was necessary for Bierman-Turnacliff to sell its merchandise in order to remain in business; it checked the stock from time to time to see whether any of the mortgaged property had been sold. The note which the mortgage secured was due April 22, 1953. On July 7, 1953, by which time plaintiff knew that Bierman-Turnacliff had sold the tractor and other mortgaged items, it accepted a $200 payment on the note. Under all the circumstances the plaintiff's conduct constituted an implied agreement that Bierman-Turnacliff might deal with the mortgaged property as it did and it thereby waived its lien.

As stated in *Southern Wisconsin Acceptance Co. v. Paull* (1927), 192 Wis. 548, 550, 213 N. W. 317:

" 'The rule of law is settled that where a mortgagee of chattels authorizes the mortgagor to sell the property described in the mortgage, and the sale is accordingly made, the mortgagee has thereby waived his lien.' *Warrick v. Rasmussen,* 112 Neb. 299, 301, 199 N. W. 544, 545; *Singer v. Farmers State Bank,* 166 Minn. 327, 207 N. W. 631, 632; *Peterson v. St. Anthony & D. E. Co.* 9 N. Dak. 55, 56, 81 N. W. 59, 60; *Hoyt v. Clemans,* 167 Iowa, 330, 149 N. W. 442, L. R. A. 1915 C, 166, 170; *Carr v. Brawley,* 34 Okla. 500, 125 Pac. 1131, 43 L. R. A. n. s. 302, 305, and cases cited in note."

The trial court properly dismissed the complaint.

It appears from the evidence that Ells located the tractor at Bierman-Turnacliff through a "block man," an employee of the Minneapolis-Moline Company, who had been a witness to the execution of the chattel mortgage. Plaintiff asserts that the block man was Ells' agent and thus his knowledge of the existence of the mortgage was the knowledge of Ells. Nowhere does plaintiff cite any authority that these facts constitute agency. The block man merely furnished Ells with

the information he requested and this did not clothe him with any authority to act for or on behalf of Ells.

Plaintiff objects to the taxation of costs by both defendants on the ground that they are united in interest. Its objections in the lower court were made under sec. 270.66, Stats., but it abandoned this position by failing to appear at the hearing on the motion. We cannot consider plaintiff's present objection since it was not raised below. *Diggle v. Boulden* (1880), 48 Wis. 477, 4 N. W. 678.

*By the Court.*—Judgment affirmed.